UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:13 CR 361 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| ANTHONY J. EVANS, | ) | <u>MEMORANDUM OPINION</u> |
|  | ) | <u>AND ORDER</u> |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Anthony Evans' Motion for Relief Under 28 U.S.C. § 2255.  (ECF # 30).   The government filed a Response to the motion. (ECF # 33).  Mr. Evans did not file a timely Reply.  Mr. Evans claims that he is entitled to a new sentencing hearing because he was sentenced "in violation of the due process clause" according to the decision in *Johnson v. United States*, 35 S. Ct. 2551, 2563 (2015).  *Johnson* invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), The "residual clause" defined one way a defendant's prior convictions could have qualified as "crimes of violence," which led to enhanced penalties for the defendant's current conviction. This is the only grounds upon which he claims an entitlement to relief.

Mr. Evan's sentence was not enhanced for any prior convictions of "crimes of violence" under the residual clause or otherwise.  His base offense, and resulting guideline calculation were increased because he had two or more qualifying convictions for "controlled substances offenses."  These types of offenses were not affected, or in any way implicated, by the *Johnson*

decision or its progeny.  *See, e.g., United States v. Blackwell*, 2016 WL 1733300, *2 (May 2, 2016).  Mr. Evans was properly sentenced under the guidelines and there is no basis for vacating or re-visiting his sentence.

   /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  August 12, 2016